United States District Court
Southern District of Texas
**ENTERED**
October 25, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| United States of America, § | | |
| § | | |
| *Plaintiff*, § | | |
| v. § | Case No. 4:22-mj-2432 | |
| § | | |
| Mark Owen Garraway II, § | | |
| § | | |
| *Defendant*. § | | |

## ORDER OF DETENTION PENDING REVOCATION HEARING

Pending before the court is the Government's motion to detain Defendant Mark Owen Garraway II until his revocation hearing occurs in the Western District of Texas. The Government's motion would require the Court to modify the conditions of Garraway's release on bond. Because the Government's motion would require a change, temporary revocation, of the conditions of release, on October 20, 2022, the Court conducted a detention hearing under Rule 40(c). *See United States v. Fellows*, No. 1:21-MJ-0314, 2021 WL 3025741, *3 (N.D. N.Y. June 23, 2021) (under Rule 40, a magistrate judge in the district of arrest has authority to conduct a detention hearing and modify conditions of release for a person arrested on violation of conditions of release set in the prosecuting district).

After considering the evidence presented, the arguments of counsel, and the relevant factors under 18 U.S.C. § 3142(g), this Court concludes that a modification

of Judge Victor Garcia's order of release is appropriate and requires detention to ensure Garraway's appearance at the upcoming revocation hearing. The Court considered the following facts:

1. The original charge was for conspiracy to transport undocumented aliens, a violation of 8 U.S.C. § 1324. Indictment, ECF No. 1-2. According to the original PTS report, Garraway reported that his 9 mm weapon was seized at the time of his arrest.

2. Under the order setting conditions of release, Garraway's mother was a surety on the bond. Dkt. Sheet, ECF No. 1-4 (8/26/2022 referencing ECF No. 10 Redacted Order $20,000 unsecured with one cosigner).[1] According to the Petition for Action on Conditions of Pretrial Release, Garraway was placed in his mother's custody as third-party custodian. ECF No. 1-1 at 1 (referencing condition no. 6 of the order setting conditions of release, ECF No.12). In addition, standard conditions specifies that a defendant shall not possess any weapons.

3. The evidence presented and Pretrial Services ("PTS") report interviews showed that Garraway and his mother had an altercation in the family home over his purchase of a knife. His mother confiscated the knife, and he became agitated and slammed doors. His mother was unable to calm him down and called

---

[1] Whether his mother is a surety on the bond is not clear since the bond and order setting conditions of release were not provided to the Court with the Rule 5 paperwork or from the parties.

the police. He was arrested on unrelated charges.

4. He eventually was released and moved in with his "on and off" girlfriend of 7 years. He notified his probation officer through the probation office's reporting website that he was arrested and was staying with his girlfriend but failed to provide an address. He did not talk to his probation officer. Defendant's girlfriend was willing to act as a third-party custodian and appeared to meet probation's qualifications.[2]

5. His mother notified his probation officer that Garraway moved out and she wanted to be removed from the bond.

The Government argued that Garraway should be detained pending the revocation hearing, based on the evidence presented, the information in the PTS report, the fact that the charging district court issued a no bond warrant,[3] and notification from the charging district that District Judge Moses wanted any

---

[2] PTS interviewed his girlfriend and prepared a supplemental report. According to PTS, she is 27 years old. Has two young children. She has a stable job. She lives in an apartment leased in her name. She has no criminal history. There are reportedly no weapons in the home. She was aware that Garraway was out on bond but was not aware of the original charge. He moved in with her after what she described as a verbal altercation with his mother. She said that he would be allowed to continue to live with her. They have been dating on and off for 7 years. She has no criminal history. Defendant also proffered her testimony to the same effect. The children are apparently not Defendant's as he reported to PTS that he is single had has no children.

[3] Although the Court is not aware of any federal rule that provides for a no bond arrest warrant, the charging district's preference to determine whether the conditions of release should be modified and what those conditions should be cannot preclude the "judge in the arresting district from making the very detention decision Congress authorized under Rule 40 …." *Fellows*, 2021 WL 3025741, *4.

change in the conditions of release decided there.

Defendant's counsel argued that he should be allowed to remain free while waiting for his revocation hearing. He had notified his probation officer that he moved, he was not absconding, he was not a flight risk.

Garraway violated the express condition that he refrain from possessing any weapons when he purchased a knife. He also violated the express condition that he live with his mother. Although he notified PTS through the website portal that he moved in with his girlfriend, he did not give his new address. Garraway's notification failed to comply with the requirements of his bond placing him in the custody of a third-party custodian. The proper method to change living arrangements when a third-party custodian is designated in the bond is to file a motion for a change of bond conditions, preferably before the move. Garraway did not notify his lawyer that he had moved and thus no motion was filed.

"Successful supervision requires cooperation and compliance of the Defendant." *Fellows*, 2021 WL 3025741, *5. Given the record, the Court concludes that Garraway has been non-compliant and apparently has some anger management issues as demonstrated in the altercation with his mother over his purchase of a knife, his temper tantrum, and his moving out without the court's permission. In the original PTS report, Garraway's parents were unwilling to serve as surety because he had been disruptive and disrespectful to them. They also informed PTS

that Defendant has anger issues. Although his mother ultimately agreed to sign the bond, she now wants off the bond because Garraway has reverted to his prior disruptive and disrespectful behavior. Thus, his bond conditions are in peril because he has not been cooperative and compliant. *See id.* Although his girlfriend is willing to act as a third-party custodian, she does not qualify as a surety and cannot be substituted on the bond instead of his mother. Given Garraway's anger management issues, his desire for a weapon, the on again off again status of their relationship, their age difference (32 vs. 27) and the fact that his girlfriend has two children who are not his and potentially could be at home alone with him while she is working, she does not make an appropriate third-party custodian.

Based on this record, the Court finds that Defendant is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3142 (g); *see also* 18 U.S. C. §3148(b)(2)(B) (providing sanctions for violating conditions of release for the charging court to determine). In addition, the Court finds persuasive the views of the judge in the Western District of Texas who is most familiar with Garraway's circumstances. The charging district has jurisdiction over the underlying charges, initially considered and ordered Garraway's release, subsequently ordered his arrest for violating the conditions of his release, and now has requested that he be detained until the revocation hearing under 18 U.S. C. §3148. *See* Arrest Warrant, ECF No. 1 at 1; Supp. Bond Rept. at 2. *Accord United*

*States v. Dewitt Eugene Ross, Jr.*, No. 4:22-mj-00760, pending in the United States District Court for the Southern District of Texas (April 7, 2022) (J. Ho) (finding charging district's request for no bond and familiarity with the case a compelling factor in the totality of the circumstances).

**ACCORDINGLY**, based on the totality of these considerations, the Defendant is remanded to the custody of the United States Marshal to be transported to the Western District of Texas for further proceedings pursuant to 18 U.S.C. § 3148(b).[4]

**It is so ORDERED.**

Signed on October 25, 2022, Houston, Texas.

_Dena Palermo_
**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

[4] This Court makes no finding as to whether there is probable cause to believe that Defendant committed the alleged violation. The judge in the charging district will make that determination. *United States v. Jaitly*, No. 09-644-M, 2009 WL 1675086, at *3-4 (E.D. Pa. June 15, 2009).